S. Grace Acosta, #9836
Bradley Madsen, #13289
**SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.**
15 West South Temple, Suite 600
Salt Lake City, Utah 84101
Telephone: (801) 531-7870
Facsimile: (801) 531-7968
Email: gacosta@scalleyreading.net
Email: bmadsen@scalleyreading.net

Attorneys for Defendant Johnson Mark, LLC; William A. Mark; Butch Johnson.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HUGO MARTINEZ and CLAUDIA MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>BUTCH JOHNSON, WILLIAM A. MARK and JOHNSON MARK LLC,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Case No.: 2:11-cv-00157-DN<br><br>Judge:<br><br>Magistrate Judge: David Nuffer |

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendants Butch Johnson, William A. Mark and Johnson Mark LLC, submit this memorandum in support of their Motion for Sanctions.

Rule 11 imposes on attorneys and parties the duty to investigate the facts of their claims

to ensure that they are supported by evidence, or will likely have evidentiary support. If no reasonable inquiry is made, sanctions may be imposed.

Here the Plaintiffs' entire complaint is premised upon a default judgment that they obtained against Capital One N.A. in an action in state court. That default judgment was set aside and found to be void. Most importantly, it appears that the Plaintiffs pursued that default in bad faith so as to create the situation in which they could bring the current action. In essence, Plaintiffs filed an action against Capital One and obtained a default judgment without legal basis. Then when Capital One sought to legally collect on its unpaid debt (through its attorneys, the defendants in this action), Plaintiff alleged that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by pursuing a debt that was already decided (in the case that had been defaulted) and by repeatedly contacting a person who was represented by an attorney (presumably Mr. Steffensen in the defaulted matter). These actions were taken in bad faith and with the intent to force Defendants to defend against frivolous and meritless lawsuits.

Filed contemporaneously herewith is a declaration of Jacob Franklin. Mr. Franklin is employed by Johnson Mark, LLC and has reviewed the file of the case "*Capital One Bank v. Hugo Martinez*, Utah State Court 100907733," the underlying debt collection action that gave rise to the allegations in the case at bar. (McNett Declaration ¶ 2-3). Mr. McNett confirmed that Hugo Martinez wrote Johnson Mark LLC on October 4, 2010, November 2, 2010 and December 29, 2010 disputing his debt with Capital One *but never once indicated that he was represented by counsel*. (McNett Declaration ¶ 4-5). This was true even though on October 18, 2010, his

to ensure that they are supported by evidence, or will likely have evidentiary support. If no reasonable inquiry is made, sanctions may be imposed.

Here the Plaintiffs' entire complaint is premised upon a default judgment that they obtained against Capital One N.A. in an action in state court. That default judgment was set aside and found to be void. Most importantly, it appears that the Plaintiffs pursued that default in bad faith so as to create the situation in which they could bring the current action. In essence, Plaintiffs filed an action against Capital One and obtained a default judgment without legal basis. Then when Capital One sought to legally collect on its unpaid debt (through its attorneys, the defendants in this action), Plaintiff alleged that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by pursuing a debt that was already decided (in the case that had been defaulted) and by repeatedly contacting a person who was represented by an attorney (presumably Mr. Steffensen in the defaulted matter). These actions were taken in bad faith and with the intent to force Defendants to defend against frivolous and meritless lawsuits.

Attached hereto as Exhibit "A" is a declaration of Jacob Franklin. Mr. Franklin is employed by Johnson Mark, LLC and has reviewed the file of the case "*Capital One Bank v. Hugo Martinez*, Utah State Court 100907733," the underlying debt collection action that gave rise to the allegations in the case at bar. (McNett Declaration ¶ 2-3). Mr. McNett confirmed that Hugo Martinez wrote Johnson Mark LLC on October 4, 2010, November 2, 2010 and December 29, 2010 disputing his debt with Capital One *but never once indicated that he was represented by counsel.* (McNett Declaration ¶ 4-5). This was true even though on October 18, 2010, his

counsel had obtained a default judgment against Capital One in the matter of "*Hugo Martinez v. Capital One Bank*, Utah State Court 090913503." This behavior demonstrates that opposing counsel was "lying in wait" and seeking to trap Capital One's attorneys into contacting Mr. Martinez only to later claim that he was represented.

Also noteworthy is that Mr. McNett has uncovered at least 19 other suits where opposing counsel, Brian Steffensen, represents either Hugo or Claudia Martinez (or both) in various debt collection matters.[1] (McNett Declaration ¶ 7). Copies of the dockets from these various matters are attached to Mr. Franklin's declaration as Exhibit "3". This shows that opposing counsel and the Martinez's seem to have a pattern of pursuing unfair debt collection matters against various different defendants. This makes Mr. and Mrs. Martinez "sophisticated" litigants who understand when they are represented by counsel and when they are not. Mr. McNett also suspects that Mr. Martinez is a paralegal in Mr. Steffensen's office. (McNett Declaration ¶ 8). A paralegal should know when he is represented by counsel and what it takes to perfect service. Obviously, a lawyer such as Mr. Steffensen would know this. Thus, the inference is that Mr. and Mrs. Martinez intentionally hid their representation by Mr. Steffensen in the matter of "*Hugo Martinez v. Capital One Bank*, Utah State Court 090913503" so as to trick Johnson Mark LLC into dealing with them directly.

---

[1] Some of the actions are generally filed as "miscellaneous" and it is unclear if they are truly debt collection matters. The Martinez's also hired Mr. Steffensen to represent them in a malpractice suit. It is unclear if this too is somehow related to the collection of the debt but it is not central to the issue here. What these cases show is that Mr. and Mrs. Martinez know and understand the legal system, know and understand what it means to file suit, and know what is means to properly serve papers.

Mr. and Mrs. Martinez and their attorney, Brian Steffensen, also attempted to serve Capital One, a corporation, through a person other than its registered agent. Both the Martinez's and Mr. Steffensen knew (or should have known) that such service would be ineffective. They acted in bad faith when they pursued a default (and garnishment) against Capital One in the matter of "*Hugo Martinez v. Capital One Bank*, Utah State Court 090913503" and amplified this bad faith when they filed the current action and asserted violations of fair debt collection practices premised on this fraudulent default. Either this behavior was directed by Mr. Steffensen before the fact or endorsed by him after the fact. This constitutes bad faith and is grounds for a Rule 11 sanction.

Prior to filing this Motion for Sanctions, Counsel for Defendant wrote Mr. Steffensen and advised him of the intent to pursue Rule 11 Sanctions. Defendants provided Mr. Steffensen with an earlier version of this Rule 11 Motion for Sanctions and a copy of the Motion to Dismiss. Mr. Steffensen responded that he disagreed with the allegations asserted by Defendants and would not voluntarily withdraw his suit against Defendants. Defendants' attempt to meet and confer with Mr. Steffensen regarding this matter have failed and the court is within its power to issue Rule 11 Sanctions.

## ARGUMENT

Rule 11(b), of the Federal Rules of Civil Procedure puts a duty on an attorney or party to engage in an "inquiry reasonable under the circumstances" so that he can certify "that to the best of the person's knowledge, information, and belief," that (3) the "allegations and other factual

contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Violation of this subjects the attorney, his law firm, and the party to sanctions. Fed. R. Civ. P. 11(c). Violation of Rule 11(b) may be brought on motion for sanction, made separately from other motions and should describe the specific conduct alleged to violate subdivision (b). Fed. R. Civ. P. (c)(1)(A).

Rule 11(b) requires an attorney to conduct a reasonable inquiry into the allegations and factual contentions to verify evidentiary support. This requires, at the very least, "some kind of investigation, and some affirmative conduct on the part of the attorney." Mohammed v. Union Carbide Corp., 606 F. Supp. 252, 261 (E.D. Mich. 1985); Morse v. Packer, 2000 UT 86, 15 P.3d 1021 (noting that sanction were proper when an attorney failed to make an inquiry into the facts that was reasonably under the circumstances).

The attorney also has a duty to dissuade a client from raising frivolous claims. See Mohammed, 606 F. Supp. at 261. In analyzing a motion for sanctions, a court should make a two step inquiry: first, "whether the party's claims are objectively frivolous; and [second] whether the person who signed the pleadings should have been aware that they were frivolous." Byrne v. Nezhat, 261 F.3d 1075, 1105 (11th Cir. 2001), quoting Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998); see also Pennington v. Allstate Ins. Co., 973 P.2d 932 (Utah 1998)(noting that sanctions were warranted when attorney sought payment of medical expenses without factual basis).

Then, if the court determines "that the party's attorney failed to conduct a reasonable inquiry into the matter, then the court is obligated to impose sanctions even if the attorney had a good faith belief that the claim was sound." Byrne, 261 F.3d at 1105-06, citing Mroz v. Mroz, 65 F.3d 1567, 1573 (11th Cir. 1995). Sanctions can be imposed on a party represented by counsel too. "Although typically levied against an attorney, a court is authorized to issue Rule 11 sanctions against a party even though the party is neither an attorney nor the signor of the pleadings." Id. at 1106, citing Souran v. Travelers Ins. Co., 982 F.2d 1497, 1508 n.14 (11th Cir. 1993).

I.  **In This Case, Any Reasonable Inquiry Would Have Revealed The Serious Defects of Plaintiffs Claims.**

In our case, any legitimate inquiry by Plaintiff's counsel in to the allegations, circumstances, and facts surrounding Plaintiffs' claims would have revealed a complete dearth of any basis for the allegations. In fact, the evidence shows that the case at bar is predicated on a default obtained under highly questionable circumstances. Plaintiff's counsel could have discovered the deficiencies of the service of process and complaint directed at Capital One Bank by performing a simple business entity search to verify a registered agent. The action smacks of bad-faith, as Plaintiff's counsel engaged in the filing of a complaint against Capital One Bank, while simultaneously failing to provide any other notice that Hugo Martinez was represented by counsel. To an observer from the outside looking in, it appears that Hugo Martinez and his counsel were laying a trap in an attempt to induce illusory FDCPA violations on the part of

Defendants. In this circumstance, it appears that sanctions against both Mr. and Mrs. Martinez and Mr. Steffensen are warranted.

The inference that opposing counsel was merely laying a trap is enhanced once one considered that Mr. Martinez is a paralegal (or at least works in a law office) and has been represented by Mr. Steffensen no less than 19 times in the recent past. The Martinez's would have understood when they were and when there were not represented by counsel and would have understood what it meant to properly serve a corporation such as Capital One.

Rule 11(b) seeks to avoid unnecessary, frivolous, and non-meritorious litigation by requiring a minimal inquiry on the part of attorneys before affixing their name to pleadings. The most innocent interpretation of the actions here suggests Plaintiffs' counsel failed to inquire as required by Rule 11. A reasonable conclusion is that Plaintiffs' counsel actively sought to deceive Defendants, manipulate the court, and abuse the system for ill-gotten gain by manufacturing a claim through slight-of-hand. These actions rise to bad-faith.

II.     **Sanctions, Including Attorney's Fees, Are Appropriate.**

Rule 11 allows for appropriate sanctions as a deterrent to future misconduct. A sanction imposed under Rule 11 may include an order directing "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. R 11(c)(4). The failure of Plaintiffs' attorney to engage in the minimal investigation required, and the resulting frivolous claims, have caused Defendant to incur attorney's fees including those related to Defendant's Motion to Dismiss All Claims and this Motion for

Sanctions. Defendant respectfully requests that the Court impose sanctions, including an order to pay Defendant's attorney's fees resulting from the failure to investigate and subsequent frivolous claims.

## CONCLUSION

Plaintiffs' attorney failed to conduct even a minimal investigation. The procedural history of this case suggests that Plaintiffs and their attorney were seeking to ensnare Defendants by manipulating the legal system. These actions warrant sanctions under Rule 11, including an award of attorney's fees to movant. Defendants respectfully request that the Court grant this motion, impose appropriate sanctions to deter future misconduct, and award attorney's fees incurred by Defendant's resulting from the misconduct.

DATED this 6th day of July 2011.

        SCALLEY READING BATES
        HANSEN & RASMUSSEN, P.C.

        /s/ Grace Acosta
        S. Grace Acosta
        Attorneys for Defendants