**Brian W. Steffensen (3092)**
**STEFFENSEN ❖ LAW ❖ OFFICE**
448 East 400 South, Suite 100
Salt Lake City, Utah 84111
Telephone (801) 485-3707
Facsimile (801) 485-7140
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Hugo and Claudia Martinez,<br><br>       Plaintiff,<br>vs.<br><br>Butch Johnson,<br>William A. Mark,<br>Jacob H.B. Franklin,<br>Johnson Mark,LLC<br>Does 1-50,<br>       Defendants. | FIRST AMENDED COMPLAINT<br>AND JURY DEMAND<br><br><br>Civil No. 2:11-cv-00157-DN<br>Judge:<br>Magistrate Judge  Nuffer |

Plaintiffs Hugo Martinez and Claudia Martinez, complain of Defendants by alleging the

following:

1.      Plaintiffs are individuals residing in Weber County, Utah.

2.      Butch L. Johnson, is a graduate of Gonzaga University School of Law, in

Spokane, Washington, licensed to practice law in the State of Utah since October 18,

1004, Utah bar number 6900, and a principal with the law firm of Johnson Mark LLC.

3.      Defendant William A. Mark, is a graduate of California Western School of

Law, in San Diego, California, licensed to practice law in the State of Utah since October

16,2002, Utah bar number 9602, and a principal with the law firm of Johnson Mark LLC,

located at 11778 South Election Drive, Suite 240, Draper, Utah 84020··0480.

4.     Johnson Mark LLC is a limited liability company, licensed with the Utah

Department of Commerce since June 15, 2009, entity number 5820924-0160, active and

in good standing, with a principal place of business located at 11'778 South Election Drive,

Suite240, Draper, Utah 84020-0480 and offices in Pocatello, Idaho and Newberg, Oregon.

5.      At all relevant times, Butch L. Johnson, William A. Mark and the law firm of

Johnson Mark LLC (hereafter jointly "Johnson Mark") were acting as a debt collection law

firm for and on behalf of Capital One.

6.     At all relevant times, Johnson Mark directed debt collection actions against Hugo

Martinez and Claudia Martinez.

7.     Messrs. Johnson and Mark set up, direct and oversee the actions of their debt collection

law firm, Johnson Mark.  This includes without limitation drafting of the form of letters

sent to consumers such as that sent to Martinez on January 7, 2010 described hereafter,

the form of summonses and complaints similar to those drafted and served on Martinez,

the form and substance of discovery requests served on consumers similar to those served

on Martinez, the form and substance of motions, memoranda and affidavits for and/or in

support of summary judgment similar to those served on Martinez,  Johnson Mark's

procedures for receiving and dealing with consumer 1692g(b) requests for validation, and

2

the like. As such, they are personally liable for the violations of federal and state law alleged herein committed by their law firm, employees and Mr. Franklin utilizing the procedures, forms and practices which they participated in developing.  They are also liable for their personal involvement in specific acts which violated federal and state law.

8.      Jacob H.B. Franklin is a Utah attorney who is primarily engaged in the collection of consumer debts and who signed the summons and complaint, discovery requests and motion for summary judgment referred to hereafter and/or otherwise committed some of the acts alleged herein which violated federal and/or state law as alleged hereafter.  Mr. Franklin is liable for the actions of Johnson Mark which he committed which violate federal and state consumer law as alleged hereafter.

9.      Hugo Martinez had a credit card with Capital One.

10.     Capital One began charging Hugo for goods or services which Hugo had not agreed to purchase.

11.     Hugo complained to Capital One about these unauthorized charges, but Capital One did not reverse them and/or continued to allow them to be charged to the account.

12.     Capital One first retained United Recovery Group to send demand letters to Martinez.

13.     Martinez received two demand letters from URG in 2009.  Martinez responded in writing, disputing the debt and asking for specific information to verify the debt.

14.     URG never provided Martinez with any validation – but ceased to try to collect the debt

after Martinez' second dispute letter.

15.     Because Martinez objected to Capital One billing him and demanding payment from him
        for unauthorized goods or services, and had failed to resolve his objections to these
        charges, Martinez retained counsel to file a lawsuit against Capital One.

16.     Martinez mailed a summons and complaint to Capital One's only Utah address.

17.     Martinez's counsel received a telephone call from attorney Ryan S. Patterson, with the
        law firm of Quarles & Brady, who asked for an got an extension of time to answer the
        summons and complaint until on or before May 15, 2009.

18.     Capital One and all law firms and/or debt collectors were on notice, therefore, that as of
        May 2009, Hugo Martinez was represented by counsel with respect to the alleged Capital
        One debt.  Any debt collector retained by Capital One to collect the disputed Capital One
        debt was barred thereafter from communicating directly with Martinez.

19.     Martinez failed to file the first served complaint within ten days of service, and therefore
        had to re serve it.

20.     Martinez mailed the summons and complaint a second time to Capital one to the same
        address to which the prior summons and complaint were mailed.

21.     Martinez filed his complaint in Third District Court, Salt Lake Department, on August
        13, 2009.

22.     The summons and complaint mailed to Capital One were received and signed for by

Capital One's mail contractor, ACS, through its then employee, Jeff Bridgewater, on August 4, 2009.

23.  Because the prior summons and complaint had been received by Capital One's legal intake department, Martinez fully expected that Capital One's legal intake department would also receive this second mailed/ served summons and complaint from ACS.

24.  When Capital One had not answered the complaint within the time provided for by law for doing so, Martinez filed a motion for default judgment.

25.  Capital One's failure to answer the complaint by the August 24, 2009 deadline, caused the allegations in that complaint to be deemed admitted.  From August 25, 2009 forward, until Capital One's default was set aside, through the admitted allegations of the unopposed complaint Martinez did not owe Capital One any money.

26.  A default judgment was ultimately entered against Capital One October 15, 2010.

27.  By letter dated January 07,2010, Johnson Mark sent Hugo Martinez a letter claiming Hugo Martinez owed Capital One $1,045.02.   Upon information and belief, this amount included the charges to which Martinez had objected and which he refused to pay.

28.  This letter violated the FDCPA's prohibition against communicating with a consumer represented by an attorney. 1692c(a)(2)

29.  The letter stated "To resolve this matter, you must either pay the Total Amount Due ... or call the law firm .. " and work out arrangements for payment."

30.     This statement was in violation of § 1692e of the Fair Debt Collection

Practices Act, which prohibits false, deceptive and misleading communications, because

it falsely claims the only way to resolve the matter was to pay or make arrangements to pay

the disputed debt.  Martinez could obviously choose to sue Capital One to resolve this debt,

rather than choose either of these options.

31.     This letter misrepresented the amount of the debt because (a) due to the default judgment,

Martinez did not owe anything to Capital One, and/or (b) it included amounts which were

not in fact due and owing and/or charges which were unreasonable and inaccurate. 1692e,

1692e(2)

32.     The letter also stated that if the debt was disputed in writing "we [Johnson

Mark] as required by law, will obtain and mail to you proof of the debt."

33.     Johnson Mark obligated itself, therefore, to prove that Martinez owed this debt and that

the amount was accurate if Martinez disputed it in writing.

34.     The letter also acknowledged "If ... you [Hugo Martinez} request proof of the

debt ... the law requires our firm to suspend our efforts to collect the debt (through a

lawsuit, arbitration or otherwise) until we mail the requested information to you .. "

35.     Johnson Mark admitted that it would be barred from pursuing any further collection

efforts – including the filing of a complaint and the service of a summons – if Martinez

requested "proof" of the debt.

36.     This again obligated Johnson Mark to provide "proof" of the debt and any information

        requested by Martinez.

37.     The letter also stated "At this time, no attorney with this firm has personally

reviewed the particular circumstances of your account and no decision has been made to

file a lawsuit."

38.     This statement was in violation of § 1692e of the Fair Debt Collection

Practices Act ("FDCPA"), which prohibits false, deceptive and misleading communications,

because it conveys the deceptive, misleading and contradictory impressions that a lawyer

is making a demand on the consumer, while also stating no attorney has reviewed the file.

See, e.g.. , Miller v. Wolpoff &Abramson, LLP, 321 F.3d 292, 292-93 (2nd Cir. 2003);

Taylorv. Perrin, Landry, DeLaunay & Durand, 103 F. 3d 1232, 1236-37 (5th Cir. 1997);

Avila v. Rubin, 84 F.3d 222, 228·-30 (7th Cir. 1996); Clomon v. Jackson, 988 F..2d 1314,

1314-15 (2nd Cir. 1993), and Lesher v. Mitchell Kay (3rd Circuit, June 21, 2011).

39.     The letter also stated "As of the date [January 07,2010] of this letter, you

owe the Total Amount Due shown above [$1,045.02]."  This violated § 1692e.

40.     The letter also stated "This law firm reports to a credit-reporting agency. Your

failure to pay the Total Amount Due, or provide a dispute, may result in this account being

reported as allowed by law."

41.     This statement violated § § 1692e and 1692e(8) of the FDCPA,

which prohibit false, deceptive and misleading communications and threats to

communicate false credit information to a credit agency, because no debt was due Capital

One by Hugo Martinez which had not already been paid.

42.   On January 20,2010, Hugo Martinez sent a letter in response to Johnson

Mark's January 7, 2010 letter, which disputed the debt, saying "I don't think that l owe this"

and requesting "a copy of the opening statement showing that I signed for and am liable

for this debt" and "a copy of all the account statements on this account up through the

present time[.]"

43.   Pursuant to 1692g(b), and/or Johnson Mark's express promise that it would provide

Martinez with "proof" of the debt and any information that he "requested," Johnson Mark

was obligated to do so and was required to cease all debt collection efforts until it did so.

44.   On or about July 14, 2010, Johnson Mark drafted and signed a summons and complaint

for a lawsuit by Capital One against Hugo Martinez for the disputed Capital One debt.

This constituted a debt collection activity prohibited by 1692g(b) and in violation of

Johnson Mark's express representation and promise that it would not pursue any further

debt collection activities, including proceeding with litigation until is had provided

Martinez with "proof" of the debt and all of the information that he "requested."  Johnson

Mark had done nothing in response to Martinez' January 20, 2010, dispute letter and

demand for proof and verification.

45.   The allegations in the Martinez v. Capital One  complaint filed the year before by

Martinez related to the same Capital One credit card which is the subject matter of the

Capital One v. Martinez complaint drafted by Johnson Mark in violation of 1692g(b).

46.   Once served, under Rule 13, Utah Rules of Civil Procedure, any claims

Capital One believed it had against Hugo Martinez were mandatory counterclaims in the

Martinez v.. Capital One action assigned to Judge L. A. Dever, which if not pleaded were forever

barred. Thus the subsequent Capital One v Martinez complaint drafted and then  filed by Johnson

Mark for Capital One was barred by Rule 13.

47.   The default judgment against Capital One in Martinez v. Capital One was later set aside,

but the service of process was not quashed and the default judgment was not declared to

be void.  The default certificate and default judgment were simply set aside.

48.   Capital One thereafter answered the complaint in the Martinez v. Capital One case –

without (a) requiring new service, and (b) without asserting any compulsory

counterclaims.

49.   Consequently, the failure of Capital One to timely assert in the first filed Martinez v.

Capital One case its claims against Martinez resulted and continues to result in those

claims having been waived pursuant to Rule 13.

50.   Despite still not having mailed any "proof" or "requested" information to Martinez in

response to his January 20, 2010 dispute letter and demand for verification as promised

and required by 1692g(b), on September2,2010, at 2:43 pm, Johnson Mark telephoned the

cell phone of Claudia Martinez.

51.    Neither Hugo nor Claudia Martinez had given Capital One or Johnson Mark permission

to call them at this number.

52.    This telephone call was made, upon information and belief, by an automatic dialer at

Johnson Mark's office.

53.    This call violated 1692g(B) of the FDCPA and Johnson Mark's promise and agreement in

its January 7, 2010 letter to Martinez.

54.    This call also constituted a violation of 1692c(a)(2) prohibition against any

communication with a "consumer" who is known to be represented by an attorney.  Since

Claudia Martinez is Hugo Martinez' wife, this was an attempted communication with a

"consumer" rather than with a "third party."

55.    This call also violated the Telephone Consumer Protection Act's prohibition against

using an automatic dialer to call a consumer's cell phone without consent.

56.     On September 29, 2010, at 9:30 am, Johnson Mark again telephoned the cell

phone of Claudia Martinez.

57.    Neither Hugo nor Claudia Martinez had given Capital One or Johnson Mark permission

to call them at this number.

58.    This telephone call was made, upon information and belief, by an automatic dialer at

Johnson Mark's office.

59.     This call violated 1692g(B) of the FDCPA and Johnson Mark's promise and agreement in

its January 7, 2010 letter to Martinez.

60.     This call also constituted a violation of 1692c(a)(2) prohibition against any

communication with a "consumer" who is known to be represented by an attorney.  Since

Claudia Martinez is Hugo Martinez' wife, this was an attempted communication with a

"consumer" rather than with a "third party."

61.     This call also violated the Telephone Consumer Protection Act's prohibition against

using an automatic dialer to call a consumer's cell phone without consent.

62.     On September 30,2010, Hugo Martinez was served with a 1O-day summons

and complaint in the Capital One v. Martinez case referred to above,  both dated July 14,2010.

63.     This was a violation of §§ 1692c(B) and 1692g(B) of the FDCPA which

prohibits contact with a third party after knowing a consumer is represented by an attorney,

prohibits contact with anyone except the consumer, consumer's attorney or credit bureau

after a consumer is represented by an attorney and prohibits any further debt collection activity –

including the drafting, filing and service of a lawsuit – after a request for validation until the debt

is validated.  It also violated Johnson Mark's express promise and agreement that it would cease

all debt collection activity until it had provided Martinez with "proof" of the debt and the

information which he may have "requested" in his dispute and request for verification letter.

64.     On October 1, 2010, at 1:51 pm, Johnson Mark telephoned the cell phone

of Claudia Martinez.

65.     Neither Hugo nor Claudia Martinez had given Capital One or Johnson Mark permission

to call them at this number.

66.     This telephone call was made, upon information and belief, by an automatic dialer at

Johnson Mark's office.

67.     This call violated 1692g(B) of the FDCPA and Johnson Mark's promise and agreement in

its January 7, 2010 letter to Martinez.

68.     This call also constituted a violation of 1692c(a)(2) prohibition against any

communication with a "consumer" who is known to be represented by an attorney.  Since

Claudia Martinez is Hugo Martinez' wife, this was an attempted communication with a

"consumer" rather than with a "third party."

69.     This call also violated the Telephone Consumer Protection Act's prohibition against

using an automatic dialer to call a consumer's cell phone without consent.

70.     On October 4, 2010, Hugo Martinez sent a letter to Johnson Mark stating that

he had previously received a letter dated January 7,2010 from Johson Mark and asking

why Johnson Mark was asking for a different amount, denying he owed the claimed debt

and again requesting "a copy of the account opening statement showing I signed for and

am liable for this debt" and "a copy of all the account statements on this account up

through the present time[.]"

71.     This letter also said that Martinez denied owing the debt and that he refused to pay it.

This constituted a cease and desist letter under 1692c ( c).  Thereafter, Johnson Mark was

prohibited from communicating with Martinez or his wife, Claudia.  Ibid.

72.     On October 6, 2010, Johnson Mark filed the complaint against Hugo Martinez

in the Second District Court, Weber County, Civil No. Civil No. 10-090-7733, assigned to

Judge Mark R. DeCaria.

73.     This was a violation of §1692g(B) of the FDCPA which prohibits any debt collection

activity after a consumer has disputed the debt and demanded verification until the

collector has properly responded to the request for validation.

74.     This was also a violation of Johnson Mark's express promise and agreement that it would

provide "proof" of the debt and the information "requested" by Martinez.

75.     On October 8, 2010, Johnson Mark sent Hugo Martinez a letter dated October 7, 2010

acknowledging he had requested verification of the purported debt, stating "we have

determined that you owe the amount stated on the attached statement." The attached

Account Detail stated "Current balance owing: $1,504.80[.]"

76.     This was a violation of §§ 1692c(B) and 1692g(B) of the FDCPA which

prohibits contact with a third party after knowing a consumer is represented by an attorney,

prohibits contact with anyone except the consumer, consumer's attorney or credit bureau

after a consumer is represented by an attorney and prohibits contact after a request for

validation until the debt is genuinely validated, which it had not been.

77.    This letter also was a false, deceptive or misleading representation or means utilized in

connection with the attempted debt collection in violation of 1692e.  It misrepresented the

character, amount or legal status of the alleged debt in violation of 1692e(2).

78.    The October 7, 2010 letter did not fulfill Johnson Mark's obligations under 1692g(b).

79.    The October 7, 2010 letter did not fulfill Johnson Mark's promise and agreement to

provide Martinez with "proof" of the debt and the information which he "requested"

found in its January 7, 2010 letter to Martinez.

80.     Instead, Johnson Mark merely parroted limited summary information sent to it from

Capital One.

81.    On October 10,2010, at 9:38 am, Johnson Mark for the fourth time telephoned the cell

phone of Claudia Martinez.

82.    Neither Hugo nor Claudia Martinez had given Capital One or Johnson Mark permission

to call them at this number.

83.    This telephone call was made, upon information and belief, by an automatic dialer at

Johnson Mark's office.

84.    This call violated 1692g(B) of the FDCPA and Johnson Mark's promise and agreement in

its January 7, 2010 letter to Martinez.

14

85.   This call also constituted a violation of 1692c(a)(2) prohibition against any

communication with a "consumer" who is known to be represented by an attorney.  Since

Claudia Martinez is Hugo Martinez' wife, this was an attempted communication with a

"consumer" rather than with a "third party."

86.   This call also violated the Telephone Consumer Protection Act's prohibition against

using an automatic dialer to call a consumer's cell phone without consent.

87.   This fourth call was a violation of§§1692c(a)(2), 1692c( c) and 1692g(B) of the

FDCPA which prohibits contact with a third party after knowing a consumer is represented

by an attorney, prohibits contact with a consumer after a cease and desist letter has been sent,

and prohibits contact after a request for validation until the debt is validated. Johnson Mark

violated the section by contacting Claudia Martinez after being on notice Hugo Martinez was

represented by an attorney, after Hugo Martinez had indicated that he would not pay the debt  and

after Hugo Martinez requested the debt be validated.

88.   The Capital One complaint against Martinez misrepresented the nature, character and

amount of the debt given the facts alleged above in violation of 1692e and 1692e(2).

89.   On October 13, 2010, Johnson Mark sent Hugo Martinez requests for

admission, interrogatories and requests for production of documents.

90.   Given the facts alleged above, this set of discovery violated 1692d (prohibition against

conduct the natural consequences of which is to harass, oppress or abuse a consumer).

15

91.    Specifically, but not by way of limitation, the introduction to and then interrogatories 4, 5, 9, 12 and 13 violate 1692d and 1692e.

92.    Specifically, but not by way of limitation, the introduction to and then  production request 5 violate 1692d and 1692e.

93.    Specifically, but not by way of limitation, the introduction to and then requests for admission 1, 2, 3, 4, 5, 6, 7, 8 and 9 violate 1692d and 1692e.

94.    Given the facts alleged above, this set of discovery violated 1692e's prohibition against making any false, deceptive or misleading representation or means in connection a debt collection.  The amount alleged to be due violated 1692e(2).

95.    Given the facts alleged above, this set of discovery violated 1692f's prohibition against using any unfair or unconscionable means to collect or attempt to collect the debt.

96.    This was a violation of § 1692g(B) of the FDCPA which prohibits collection efforts after a request for verification of a debt, until the debt is validated. Johnson Mark had not then and never has properly validated the debt, but has only parroted the same information initially provided them by Capital One.

97.    This also violated Johnson Marks' promise and agreement that it would cease all collection efforts until it had provided Martinez with "proof" of the debt and all of the information which Martinez had "requested."

98.    On October 15,2010, a Default Judgment was granted against Capital One

in Third District Court by Judge L. A. Dever in favor of Hugo Martinez, in the amount of
$3,083.30, costs and attorneys' fees incurred in collecting the judgment and interest to
accrue at·the rate of 2.41% until paid in full.

99.     When this default judgment was entered, Martinez had no reason to believe that Capital
        One had not been properly and effectively served with the summons and complaint in that
        action.

100.    On November 12, 2010, Hugo Martinez sent his response to Johnson Mark's
requests for admissions, interrogatories and requests for production of documents.

101.    In that response, Martinez denied all of the admissions and said that he did not owe any
        money to Capital One.  Given the default judgment, Martinez did not owe any money to
        Capital One.

102.    In that response, Martinez made essentially a motion for protective order with respect to
        the interrogatories and production requests:

        "2.  Interrogatories: I ask the Court to rule that I don't' have to answer this because I
        don't own [sic] Capital One Bank (USA), any money."

        "3.  Request for Production: I ask the Court to rule that I don't have to produce any
        documents, because I don't own [sic] Capital One Bank (USA). NA any money."

103.    Johnson Mark ignored these pro se motions for protective orders.  This violated 1692d, e
        and/or f.

17

104.    Johnson Mark's discovery requests violated  §§ 1692e, 1692e(2) and 1692e(5) of the

FDCPA which prohibit false, deceptive or misleading representations in connection with

attempts to collect a debt; false, deceptive or misleading representations of the character,

amount or legal status of the alleged debt; and, threats to take any action that cannot

legally be taken, since any collection attempts by Capital One and Johnson Mark were

then barred by Rule 13, URCP and res judicata.

105.    Martinez' October 4, 2010 letter to Johnson Mark was in part a pro se discovery request.

It asked Capital One/ Johnson Mark to explain the discrepancies in the amounts claimed

due in Johnson Mark's various correspondence and/or the complaint (an interrogatory),

and asked for documents (production requests).

106.    Johnson Mark entirely ignored these production requests.  This violated the URCP and

1692 d and f.

107.    On December 15, 2010, Johnson Mark filed a motion for summary judgment

against Hugo Martinez.

108.    This was a violation of § 1692g(8) of the FDCPA which prohibits collection

efforts after a request for verification of a debt, until the debt is validated. Johnson Mark

had not then and never has validated the debt, but has only parroted the same information

initially provided them by Capital One.  This was a violation of §§ 1692e, 1692e(2) and 1692e(5)

of the FDCPA which prohibit false, deceptive or misleading representations in connection with

attempts to collect a debt; false, deceptive or misleading representations of the character, amount

or legal status of the alleged debt; and, threats to take any action that cannot legally be taken,

since any collection attempts by Capital One and Johnson Mark were then barred by Rule

13, URCP and res judicata.

109.    This also violated Johnson Marks' promise and agreement that it would cease all

collection efforts until it had provided Martinez with "proof" of the debt and all of the

information which Martinez had "requested."

110.    On December 15,2010, Johnson Mark filed a memorandum in support of the

summary judgment motion"

111.    This was a violation of § 1692g(8) of the FDCPA which prohibits collection

efforts after a request for verification of a debt, until the debt is validated. Johnson Mark

had not then and never has validated the debt, but has only parroted the same information

initially provided them by Capital One.  This was a violation of §§ 1692e, 1692e(2) and 1692e(5)

of the FDCPA which prohibit false, deceptive or misleading representations in connection with

attempts to collect a debt; false, deceptive or misleading representations of the character, amount

or legal status of the alleged debt; and, threats to take any action that cannot legally be taken,

since any collection attempts by Capital One and Johnson Mark were then barred by Rule

13, URCP and res judicata.

112.    This also violated Johnson Marks' promise and agreement that it would cease all

collection efforts until it had provided Martinez with "proof" of the debt and all of the

information which Martinez had "requested."

113.    The summaryjudgment motion and memorandum are based almost entirely

on the Affidavit of Beverley B. Bogan filed on December 15, 2010 with the memorandum.

114.    The Affidavit of Beverly B.. Bogan is not made on personal knowledge and lacks

foundation. Given the facts alleged above, it also falsely represented that Martinez owed a

specific sum to Capital One, that he signed a contract with Capital One, that the

document attached to the Affidavit was Martinez' agreement with Capital One, and the

like.  It violates 1692 d, e and f.

115.    If Ms. Bogan had actually researched all of the documents relating to Hugo Martinez in

Capital One's possession, she would have discovered the original summons and

complaint served upon Capital One by Martinez and the second summons and

complaints.

116.    Filing of this motion, memorandum and affidavit violated Rules 11 and 56(e), URCP,

which require that pleadings are not submitted for an improper purpose, are warranted

under existing law, that factual contentions have evidentiary support, that supporting

affidavits be made on personal knowledge, set forth facts admissible in evidence, and

show affirmatively that the affiant is competent to testify to the matters stated therein,

none of which is true with the Affidavit of Beverly B. Bogan. Further, this was a violation

of § 1692g(8) of the FDCPA which prohibits collection efforts after a request for

verification of a debt, until the debt is validated. Johnson Mark had not then and never

has validated the debt, but has only parroted the same information initially provided them

by Capital One. This was a violation of §§ 1692e, 1692e(2) and 1692e(5) of the FDCPA

which prohibit false, deceptive or misleading representations in connection with attempts

to collect a debt; false, deceptive or misleading representations of the character, amount

or legal status of the alleged debt; and, threats to take any action that cannot legally be

taken, since any collection attempts by Capital One and Johnson Mark were then barred

by Rule 13, URCP and res judicata.

117.   This also violated Johnson Marks' promise and agreement that it would cease all

collection efforts until it had provided Martinez with "proof" of the debt and all of the

information which Martinez had "requested."

118.   On December 15, 2010 Johnson Mark filed a Declaration of Costs and

Attorneys Fees.

119.   This was a violation of § 1692g(8) of the FDCPA which prohibits collection

efforts after a request for verificati0n of a debt, until the debt is validated. Johnson Mark

had not then and never has validated the debt, but has only parroted the same information

initially provided them by Capital One. This was a violation of §§ 1692e, 1692e(2) and 1692e(5)

of the FDCPA which prohibit false, deceptive or misleading representations in connection with

attempts to collect a debt; false, deceptive or misleading representations of the character, amount

or legal status of the alleged debt; and, threats to take any action that cannot legally be taken,/

since any collection attempts by Capital One and Johnson Mark were then barred by Rule

13, URCP and res judicata.

120.    This also violated Johnson Marks' promise and agreement that it would cease all

collection efforts until it had provided Martinez with "proof" of the debt and all of the

information which Martinez had "requested."

121.    On December21 , 2010, Johnson Mark sent Hugo Martinez a letter telling him

he needed to respond to each and every interrogatory and request for production of

documents.

122.    This was a misrepresentation of Martinez' obligation and/or responsibility under the

URCP.   Since Martinez had filed his pro se motion for protective order via his response

dated November 12, 2010.  This violated 1692d, e and f.

123.    This was a violation of § 1692g(8) of the FDCPA which prohibits collection

efforts after a request for verification of a debt, until the debt is validated. Johnson Mark

had not then and never has validated the debt, but has only parroted the same information

initially provided them by Capital One.. This was a violation of §§ 1692e, 1692e(2) and 1692e(5)

of the FDCPA which prohibit false, deceptive or misleading representations in connection with

attempts to collect a debt; false, deceptive or misleading representations of the character, amount

or legal status of the alleged debt; and, threats to take any action that cannot legally be taken, since any collection attempts by Capital One and Johnson Mark were then barred by Rule 13, URCP and res judicata.

124.    This also violated Johnson Marks' promise and agreement that it would cease all collection efforts until it had provided Martinez with "proof" of the debt and all of the information which Martinez had "requested."

125.    On December 29, 2010, Hugo Martinez sent a letter to the Second District Court asking that his unopposed motions for protective order be granted.

126.    The actions of Capital One and Johnson Mark as described herein, are also violations of other sections of the FDCPA and violations of the Utah Consumer Sales Practices Act ("UCSPA").

127.    The actions of Capital One and Johnson Mark as described herein are extreme and outrageous and would shock the conscience of any ordinary person, subjecting Capital One and Johnson Mark and the individual attorneys to punitive damages.

128.    The defendants committed other similar acts in violation of the FDCPA and/or the UCSPA in the Capital One v. Martinez and Martinez v. Capital One cases and in this case, as found in the papers, affidavits and arguments made therein and herein.

## **FIRST CAUSE OF ACTION**

FAIR DEBT COLLECTION PRACTICES ACT

129.   Plaintiff by this reference, hereby incorporates all of the allegations of this complaint, as if fully set forth herein.

130.   The defendants and each of them violated the FDCPA via the actions alleged above and in the manner specifically described above.

131.   Hugo Martinez has suffered damages as a result of these violations, including but not limited to attorneys fees, damages to his credit and emotional and mental distress in an amount to be determined at trial.

132.   The actions of these entities in violating the FDCPA in all of the identified regards were willful and knowing such that Hugo Martinez is entitled to punitive damages in an amount to be determined at trial.

133.   By reason of those violations, pursuant to Section 813(a) of the Act, 15 U.S.C.§1692k(a), Hugo Martinez is entitled to recover from the defendants, and each of them, the amount of his actual damages caused by their conduct, in an amount to be established at the time of trial, plus a $1,000.00 statutory penalty, punitive damages, plus costs and attorney's fees.

## **SECOND CAUSE OF ACTION**

Utah Consumer Sales Practices Act

134.   Plaintiff, by this reference, hereby incorporates all of the allegations of this complaint, as if fully set forth herein.

135.   The defendants are each a "supplier" with in the meaning of Section §13-11-3(6), Utah Code.

136.   The actions alleged and complained of above are deceptive acts or practices in violation of Section §13-11-4, Utah Code.

137.   The actions complained of are unconscionable acts or practices in violation of Section §13-11-5, Utah Code.

138.   Plaintiffs have suffered actual and consequential damages as a result of these violations, including but not limited to her/ his attorneys fees, damages to her/his credit and emotional and mental distress, lost time and the like, in an amount to be determined at trial.

139.   By reason of those violations, pursuant to Section §13-11-19(2), Utah Code, plaintiffs are each entitled to recover from each defendant individually and separately, her/his actual damages or $2,000.00, whichever is greater, plus costs of suit and attorney's fees.

### THIRD CAUSE OF ACTION

**Telephone Consumer Protection Act of 1991**

140.   Claudia Martinez, by this reference, hereby incorporates all of the allegations of this complaint, as if fully set forth herein.

141.    The Telephone Consumer Protection Act of 1991, 47 U.S.C. 227, provides, without

limitation,  that:

a.    it is unlawful for any person in or out of the United States to make any call to a

consumer using an automatic telephone dialing system or an artificial or prerecorded voice to any

consumer's cell phone;

b.    it is unlawful for any person in or out of the United States to initiate any telephone

call to any residential telephone line using an artificial or prerecorded voice to deliver a message

without the prior express consent of the called party;

c.    a person may bring in an appropriate court of the state in which the violation

occurred, an action to enjoin such activity and to recover actual monetary damages, or to receive

$500 in damages for each violation, whichever is greater; and

d.    If the court finds a defendant willfully or knowingly violated this statute, the court

may increase the amount of the award to up to $1500 per violation.

142.    The Johnson Mark and Messrs. Mark and Johnson each violated these provisions by

causing not less than four telephone calls to be made to the cell phone of Claudia

Martinez via an automated dialer.   These defendants committed not less than four (4)

violations of the TCPA.

143.    Given the extent of their violations, and their sophistication as a major debt buying and

collection company (Johnson Mark) and/or licensed attorneys and/or employees of a law

firm, these violations were clearly knowing and intentional such that the Court should award $1500 per violation rather than the minimum of $500 per violation.

144.    Claudia Martinez is entitled to recover a penalty of not less than $2,000, and more appropriately not less than $6,000, from each of Johnson Mark and Messrs. Mark and Johnson as a result of their gross and incessant violations of the TCPA

### FOURTH CAUSE OF ACTION

Breach of Promise/Promissory Estoppel

145.    Plaintiff,  by this reference, hereby incorporates all of the allegations of this complaint, as if fully set forth herein.

146.    In their letter to Hugo Marrtinez dated January 7, 2010, Johnson Mark and Messrs. Johnson and Mark promised and agreed that (a) Johnson Mark would cease all efforts to collect the alleged Capital One debt if Martinez disputed the debt in writing and asked for "proof" of the debt, (b) Johnson Mark would provide Martinez with "proof" of the debt if he asked for it, ( c) Johnson Mark would provide Martinez with the information that he "requested" if he asked for it in writing, and (d) Johnson Mark would not start trying to collect the alleged debt until it had (b) and ( c) above.

147.    Johnson Mark and Messrs. Johnson and Mark intended for Martinez to rely upon these promises and agreement when they made them to Martinez.

148.    Martinez accepted the offered agreement by disputing the debt in writing and asking for

verification of the debt and for specifically identified documentation.

149.    Martinez acted in reliance upon the promises and agreement by disputing the debt in

writing and asking for verification of the debt and for specifically identified

documentation.

150.    Johnson Mark and Messrs. Johnson and Mark have breached their promise and agreement

as alleged above.

151.    Martinez has suffered damages as a result and is entitled to judgment against Johnson and

Messrs. Johnson and Mark for said damages as proven at trial.

**WHEREFORE** plaintiffs pray for judgment against the  Defendants as follows:

1.    For judgment in favor of Hugo Martinez and against each of these entities individually

and separately in the amount of his actual damages to be established at the time of trial,

but not less than $2,000.00, plus a $1,000.00 statutory penalty.

2.    For judgment in favor of Claudia Martinez and against Johnson Mark and Messrs.

Johnson and Mark, and each of them individually and separately, for between $500 and

$1500, depending on the discretion of the court, for each violation of the Telephone

Consumer Protection Act of 1991 as determined by the Court.

3.    For judgment against each of the defendant entities for punitive damages.

4.    For an award of attorney's fees and costs.

5.    For a declaration that the "debt" which the Defendants sought to collect from Plaintiff is

extinguished.

6.      For an order requiring the Defendants to delete all negative reporting relating to the

disputed debt.

7.      For such other and further relief that the Court deems just and reasonable.

**A JURY TRIAL IS REQUESTED.**

DATED this ___18th_____ day of __August___, 2011.

**Steffensen ❖ Law ❖ Office**

__/s/ Brian W. Steffensen_____

**Certificate of Mailing**

I hereby certify that on the __18th___ day of ___August_____, 2011, that I caused  a
true and correct copy of the foregoing instrument to be ____mailed, postage prepaid;
and/or_____hand delivered by ____fax by _xx____ email and/or by____courier; to:

S. Grace Acosta
Bradley Madsen
SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.
15 West South Temple, Suite 600
Salt Lake City, Utah 84101
gacosta@scalleyreading.net
bmadsen@scalleyreading.net

__/s/  BWS  _____